UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD ROTSIN BARREN,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES DZURENDA, et al.,<br><br>    Defendants. | Case No.: 2:19-cv-00142-APG-VCF<br><br>**Order Granting Parole Board Defendants' Motion to Dismiss**<br><br>[ECF No. 42] |

Donald Barren sues Susan Jackson, Eric Christiansen, Denise Davis, and Darla Foley (collectively, Parole Board Defendants) for First Amendment retaliation under 42 U.S.C. § 1983.[1]  Barren alleges that, following a parole violation and the imposition of a one-year sanction in July 2018, the Parole Board Defendants learned that he had filed a lawsuit against the board's executive secretary and retaliated by imposing an additional one-year penalty.

In May 2020, I concluded that Barren's claim passed screening under 28 U.S.C. § 1915A. ECF No. 11.  However, a finding of non-frivolous claims at screening does not preclude dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Easley v. Pinnell*, No. 98-16536, 1999 WL 311390, at *1 n.3 (9th Cir. May 13, 1999).

The Parole Board Defendants move to dismiss under Rule 12(b)(6), arguing that Barren fails to plead facts sufficient to support a prima facie claim of First Amendment retaliation. Barren responds that his situation is capable of repetition, that the Parole Board Defendants acted with deliberate indifference, that he has effectively already responded to the motion based on the record, and that he wishes to proceed to discovery.

---

[1] This order addresses matters relevant to the pending motion to dismiss.  It does not encompass Barren's claims against parties to which this motion does not apply.

I dismiss Barren's claim against the Parole Board Defendants with leave to amend. Barren does not plead sufficient facts to support a prima facie claim of First Amendment retaliation.

I.  **ANALYSIS**

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). The complaint must set forth coherently "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotation omitted). Allegations of a pro se complainant "are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation omitted). Although I "construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

I apply a two-step approach when considering motions to dismiss. First, I must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013) (quotations omitted). Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at

1248 (quotation omitted). Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

Second, I must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotation omitted). When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### A. First Amendment Retaliation

Inmates have a First Amendment right to "file prison grievances" and "to pursue civil rights litigation in the courts." *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005) (quotation omitted). "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.* at 567-68.

Barren does not plead sufficient facts to establish a prima facie First Amendment retaliation claim. A parole board's levying of sanctions against an inmate plausibly constitutes adverse action by state actors that would chill the exercise of First Amendment rights. Likewise,

an inmate's filing of a lawsuit plausibly constitutes protected conduct.  However, Barren pleads no facts that illustrate a causal connection between the alleged adverse action and his protected conduct.  At best, I could infer that proximity in time serves as the basis for causation.  But Barren does not provide dates or times associated with his allegations.  He also does not allege that each of the Parole Board Defendants was both aware of (or suspected) Barren's protected conduct and personally involved in imposing the allegedly retaliatory sanction. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (stating that "for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation"); *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982) ("Essential to a causal link is evidence that the [defendant] was aware that the plaintiff had engaged in the protected activity.").

Barren also "bears the burden of pleading . . . the absence of legitimate correctional goals for the conduct of which he complains." *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).  He provides no details about his second parole board appearance at which the sanctions were increased.  Without more, he has not plausibly alleged that the additional sanction was imposed without a legitimate correctional goal in mind.[2]

I therefore grant the motion to dismiss this claim.  Because it is not clear that amendment would be futile, I grant Barren leave to amend this claim, if facts exist to do so. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could

---

[2] Barren's response arguments that (1) his situation is capable of repetition; (2) the Parole Board Defendants acted with deliberate indifference; (3) he has already responded to the motion given the record; and (4) he wishes to proceed to discovery are unresponsive to the Parole Board Defendants' arguments regarding pleading defects.

4

not possibly be cured by the allegation of other facts" (quotation omitted)).  The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.  Barren must support each claim with factual allegations because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  When claims are alleged against multiple defendants, the complaint should clearly indicate which claims apply to which defendant. *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1995).  So Barren should specifically identify each defendant and support each claim with factual allegations about each defendant's actions.  Where multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim.

## II.   CONCLUSION

I THEREFORE ORDER that the Parole Board Defendants' motion to dismiss in part (**ECF No. 42**) is **GRANTED**.  Barren's First Amendment retaliation claim against the Parole Board Defendants is dismissed without prejudice.

I FURTHER ORDER that Barren may file an amended complaint curing the identified deficiencies, if facts exist to do so.  Failure to file an amended complaint **by November 30, 2021** will result in dismissal of this claim with prejudice.

DATED this 25th day of October, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE