# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DONALD ROTSIN BARREN,

      Plaintiff

v.

JAMES DZURENDA, et al.,

      Defendants

Case No.: 2:19-cv-00142-APG-VCF

**Order Dismissing Defendants Everett, Hernandez, Keeler, and De La Torre for Failure to Timely Serve**

Plaintiff Donald Barren has not timely served defendants Branden Everett (identified in the case caption as Everitt), caseworker Hernandez, Minerva De La Torre, and Michael Keeler (identified in the case caption as Michael Kessler).  In October 2020, Magistrate Judge Ferenbach ordered service to be perfected within 90 days of his order. ECF No. 25 at 2.  In January 2021, Barren moved for issuance and services of summonses on those defendants for whom the Attorney General did not accept service. ECF No. 31.  Judge Ferenbach held a hearing on that matter in March 2021. ECF No. 35.  He ordered the Attorney General to file under seal the last known addresses of Everett, Hernandez, De La Torre, and Keeler. *Id.*  The Attorney General responded by filing under seal the last known addresses of Michael Keeler and Branden Everett. ECF Nos. 37, 40.  The Attorney General advised the court and Barren that the Nevada Department of Corrections could not identify Hernandez's identity and did not know the last known address for De La Torre. ECF Nos. 38 at 2; 39 at 2.

Since then, Barren has not attempted to serve Everett, Hernandez, De La Torre, or Keeler.  I therefore ordered him to show cause why his claims against these defendants should not be dismissed for failure to timely serve. ECF No. 51.  Barren responded that the Attorney General did not make a good faith effort to represent the unserved defendants, that he could not

attempt to contact themselves because he might violate his parole by doing so, and that he is afraid of the defendants.

Barren presents no evidence to support his contention that the Attorney General made no good faith effort to represent the unserved defendants. The Attorney General complied with the court's order to file the last known addresses for Keeler and Everett under seal, and Barren did not fill out the USM-285 forms to have these two defendants served. The Attorney General also indicated that it did not know who Hernandez was, and Barren has not identified what he has done to further identify this individual. Finally, the Attorney General indicated that it had no last known address for De La Torre. Barren has not identified any steps he has taken to locate her for service. Barren thus has not shown good cause or excusable neglect to extend the service deadline. *See Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). Consequently, I dismiss these defendants without prejudice.

I THEREFORE ORDER that plaintiff Donald Barren's claims against defendants Branden Everett (identified in the case caption as Everitt), caseworker Hernandez, Minerva De La Torre, and Michael Keeler (identified in the case caption as Michael Kessler) are dismissed without prejudice for failure to timely serve them.

DATED this 15th day of December, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE