# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DONALD ROBIN BARREN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JAMES DZURENDA, *et al.*,<br><br>　　　　Defendants. | Case No. 2:19-cv-00142-CDS-VCF<br><br>**Order Granting Plaintiff's Motion for a Copy of the Docket and Denying Plaintiff's Motion for a Preliminary Injunction**<br><br>**(ECF Nos. 88, 90)** |

　　　　This is a civil rights action pursuant to 42 U.S.C. § 1983 brought by Plaintiff Donald Barren. *See* Second Amended Complaint, ECF No. 55. On February 28, 2022, Defendants Christiansen, Davis, Foley and Jackson filed a Motion to Dismiss in Part the Second Amended Complaint. ECF No. 69. On March 1, 2022, Plaintiff Barren filed a Motion for Judgment on the Pleadings. ECF No. 71. On March 3, 2022, Defendants Carrillo, Dreesen, Dzurenda, Fuscareno, Jerry Howell, M. Hubbard-Pickett, Mora-Rocha, Nash, and Williams filed a Motion to Dismiss the Second Amendment Complaint. These motions are fully briefed and remain pending.[1]

　　　　Plaintiff has filed three additional motions. First, Plaintiff filed a Motion for Counsel on August 5, 2022. ECF No. 86. This motion is referred to Magistrate Judge. Second, Plaintiff's motion for counsel incorporates a Motion Requesting a Copy of the Docket. ECF No. 88. Last, on August 15, 2022, Plaintiff Barren filed a Motion for a Preliminary Injunction, which asks this

---

[1] The Court is cognizant that these motions have been pending for almost six months. This matter was reassigned to me in April of 2022. ECF No. 85. The Court is working diligently to resolve pending matters as soon as possible.

Court to set a trial date. ECF No. 90. The Court finds the latter two motions can be properly resolved without a hearing. Fed. R. Civ. P. 78(b); LR 78-1.

I. DISCUSSION

    A. *Plaintiff's Motion for A Copy of the Docket (ECF No. 88) is Granted*

Plaintiff's motion advises that he is currently in custody pending a revocation hearing and requests a copy of the docket sheet in this action. Plaintiff's request is granted. The clerk of court is directed to send a copy of the docket to Barren.

    B. *Plaintiff's Motion for A Preliminary Injunction (ECF No. 90) is Denied*

Barren asks this Court for injunctive relief in the form of setting a trial date. Barren misunderstands the purpose behind preliminary injunctions. The basic function of a preliminary injunction is to preserve the status quo pending a determination of the outcome on the merits. *Chalk v. U.S. Dist. Court Cent. Dist. of Cal.*, 840 F.2d 701, 704 (9th Cir. 1988). The status quo means the last uncontested status which preceded the pending controversy. *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000). Here, the controversy involves allegations of civil rights violations. The setting of a trial date does not relate to any status prior to the alleged violations. Further, Courts apply one of two standards to determine whether a preliminary injunction should issue. To meet the "traditional" test, the movant must establish: (1) a strong likelihood of success on the merits; (2) the possibility that the movant will suffer irreparable harm if the injunction does not issue; (3) that the balance of hardships favors its case; and (4) that the public interest favors granting the injunction. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Plaintiff has not demonstrated met the

requirements for issuance of a preliminary injunction under either the traditional or sliding scale approach. Accordingly, Plaintiff's motion for a preliminary injunction (ECF No. 90) is DENIED. Plaintiff and Defendants are directed to meet and confer to set a trial date within 30 days of the Court resolving the pending motions to dismiss.

II. CONCLUSION

For the reasons set forth in this Order,

IT IS HEREBY ORDERED that Plaintiff's Motion for a Copy of the Docket (ECF No. 88) is GRANTED. The clerk of court is directed to send a copy of the docket sheet to the Plaintiff.

IT IS HEREBY FURTHER ORDERED that Plaintiff's Motion for a Preliminary Injunction (ECF No. 90) is DENIED.

It is so ORDERED.

_____
U.S. District Judge Cristina D. Silva

Dated: August 24, 2022