UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Donald Robin Barren,<br><br>               Plaintiff<br><br>v.<br><br>James Dzurenda, et al.,<br><br>               Defendants | Case No. 2:19-cv-00142-CDS-VCF<br><br>**Order Denying Plaintiff's Motion for a Preliminary Injunction**<br><br>[ECF No. 116] |

      Incarcerated pro so plaintiff Donald Robin Barren brings this civil-rights lawsuit against various prison officials, alleging violations of his due-process rights. A few days ago, Barren filed a motion for a preliminary injunction, along with a supplemental brief. ECF Nos. 116, 117. The defendants have not yet responded to the motion, but having reviewed it, I find that a decision on the motion is appropriate at this juncture without briefing from the defendants. Barren's motion altogether fails to address the factors that courts must consider in determining the appropriateness of injunctive relief. Furthermore, it is unclear what relief Barren seeks. Even construing his injunction motion liberally, it appears that he disagrees with the parole board's decision, which is an insufficient basis for this court to award relief. So because Barren does not demonstrate that the extraordinary remedy of a preliminary injunction is appropriate, I deny his motion.

**I.    Legal standard**

      "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Fraihat v. U.S. Immigr. and Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (quoting *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (internal citations omitted)). The Supreme Court has explained that to

obtain an injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The Ninth Circuit uses a "'sliding scale' approach to preliminary injunctions." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under that approach, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Fraihat*, 16 F.4th at 636 (quoting *All. for the Wild Rockies*, 632 F.3d at 1135) (cleaned up).

## II. Discussion

Barren's injunction motion does not address any of the *Winter* factors. ECF No. 116. In the "supplement" that he filed separately, he acknowledges the factors but does not provide any substantive analysis or discussion of them. ECF No. 117 at 1. Even if he had addressed them, it is unclear from the face of the motion—or the supplement—what relief he seeks. It appears that Barren disagrees with the parole board's decision at a hearing in September 2022, in addition to other decisions the board has made pertaining to him. *See, e.g.*, ECF No. 116 at 1. Barren references various Nevada statutes and chapters of the United States Code but does not explain how they are relevant here. *Id.* While "pro se pleadings must be construed liberally" (*Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016) (citing *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002))), even construing Barren's motion in a liberal fashion, I cannot determine what injunctive relief he seeks. This injunction motion appears to be Barren's attempt to litigate the underlying merits of his case through the seeking of an injunction, which is improper. Because he does not demonstrate the appropriateness of injunctive relief at this time—and as his request for relief is unclear—I deny his motion for a preliminary injunction.

### III.     Conclusion

IT IS THEREFORE ORDERED that Barren's motion for a preliminary injunction [ECF No. 116] is DENIED. The defendants' deadline (January 13, 2023) to respond to the motion is VACATED.

DATED: January 3, 2023

_____
Cristina D. Silva
United States District Judge