UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Donald Robin Barren,

          Plaintiff

  v.

James Dzurenda, et al.,

          Defendants

Case No. 2:19-cv-00142-CDS-VCF

**Order Granting Defendants' Motions to Dismiss, Denying Plaintiff's Motion for Judgment on the Pleadings, and Denying as Moot Miscellaneous Motions for Relief**

[ECF Nos. 69, 71, 75, 114, 121, 122, 126]

      Pro se plaintiff Donald Barren brings this § 1983 action against defendants Susan Jackson, Eric Christiansen, Denise Davis, and Darla Foley (collectively the "Parole Board Defendants") for First Amendment retaliation. Second Am. Compl., ECF No. 55. In sum, Barren alleges that the Parole Board Defendants acted improperly by retaliating against him after learning that he was challenging his rights to receive statutory and work time credit through the court. *See generally, id.* at 1–2. Barren also raises unclear allegations against the director of the Nevada Department of Corrections (NDOC) James Dzurenda and purportedly against a host of other individuals (collectively the "NDOC Defendants"), but the facts pled against those other individuals were included only in Barren's first-amended complaint, not his second. *Id.*

      The Parole Board Defendants move to dismiss, arguing that Barren failed to cure the deficiencies that the court previously identified in his pleading and pointing out that Barren's second-amended complaint (SAC) is "identical" to the first, "with the exception of new introductory material . . . and newly appended documentation." Mot., ECF No. 69 at 2. The NDOC Defendants separately move to dismiss, contending that Barren's SAC is insufficient under Federal Rule of Civil Procedure 8 and that "[t]he only [d]efendant named in [Barren's SAC] is James Dzurenda," meaning that Barren "failed to state a claim against" the other NDOC

Defendants. Mot., ECF No. 75 at 2. Barren also moves for judgment on the pleadings. ECF No. 71. And there are several other pending motions as well. ECF Nos. 114, 121, 122.

For the reasons set forth in this order, I deny Barren's motion for judgment on the pleadings (ECF No. 71), along with his motion for consolidation (ECF No. 126). But I grant both motions to dismiss with leave to amend. ECF Nos. 69, 75. Lastly, because I am granting both motions to dismiss, I deny as moot the Parole Board Defendants' motion to deem certain facts admitted (ECF No. 114), Barren's motion for full disclosure of discovery (ECF No. 121), and the defendants' joint motion to stay dispositive motion deadlines (ECF No. 122).

I. **Relevant procedural history**

Barren filed this action in January of 2019 (Compl., ECF No. 1), and in November of 2019, he amended his complaint (Am. Compl., ECF No. 9), which Magistrate Judge Cam Ferenbach screened. *See* Screening Order, ECF No. 11. In March of 2021, the Parole Board Defendants moved to dismiss Barren's First-Amended Complaint. ECF No. 42. And in October of 2021, United States District Court Judge Andrew P. Gordon granted in part the Parole Board Defendants' motion to dismiss with leave to amend. *See generally* ECF No. 50. After receiving an extension of time within which he could file the SAC, Barren did so on December 20, 2021. ECF No. 55. The parties have filed competing motions. The Parole Board Defendants filed a motion to dismiss the SAC on February 22, 2022. ECF No. 69. Barren filed a motion for judgment on the pleadings on March 1, 2022. ECF No. 71. Then, on March 3, 2022, the NDOC Defendants filed a motion to dismiss. ECF No. 75. The motions are fully briefed.

This matter was administratively reassigned to me on April 14, 2022. ECF No. 85. On December 19, 2022, the Parole Board Defendants filed a motion to deem facts admitted. ECF No. 114. Barren does not respond to this motion.[1] On January 12, 2023, Barren filed a motion for full

---

[1] I note that mail sent to Barren was returned as undeliverable on January 6, 2023. ECF Nos. 119, 120. As such, it is possible that Barren did not receive a copy of the defendants' motion to deem facts admitted. However, it is Barren's responsibility to keep his address updated with the court. LR IA 3-1 ("An attorney or pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of

disclosure of discovery, directed to the Parole Board Defendants. ECF No. 121. The Parole Board Defendants filed an opposition on January 23, 2023. ECF No. 123. And both the Parole Board and NDOC Defendants submitted a joint motion to stay the dispositive motions deadlines. ECF No. 122. Barren opposes that motion, arguing that the granting of such a motion would be prejudicial to him. ECF No. 125. On February 23, 2023, Barren filed a motion titled "motion for consolidation with notice of related case." ECF No. 126. This motion has not been fully briefed.[2]

I. **Legal standards**

   a. *Motion for judgment on the pleadings*

A motion to dismiss under Federal Rule of Civil Procedure 12(c) can be filed any time "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Granting judgment on the pleadings is proper when, "taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998)). "Because a Rule 12(c) motion is functionally identical to a Rule 12(b)(6) motion, the same standard of review applies to motions brought under either rule." *Id.* (quoting *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (internal quotation marks omitted)).

   b. *Motion to dismiss under Rule 12(b)(6)*

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations

---

service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court.").

[2] No response briefs from the defendants are necessary for me to resolve this motion, so the defendants need not file any.

are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 545. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Lastly, pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

II.   Discussion

      a.   *I deny Barren's motion for judgment on the pleadings under Rule 12(c).*

Liberally construing Barren's 12(c) motion, I interpret his argument to be that he is entitled to judgment in his favor on the third allegation in his SAC because the State of Nevada was not entitled to hold Barren in custody longer than an imposed one-year sanction (ECF No. 71 at 3) because he was part of a work-for-release program (*id.* at 1). In support of his argument, Barren claims that he was under a contractual agreement with the Nevada Department of Forestry, giving this court authority to enforce that contract. *See generally* ECF No. 71 at 3–4. Barren has failed to demonstrate that he is entitled to relief under Rule 12(c), as there remain material facts in dispute.[3]

---

[3] Barren filed his motion seeking judgment on the pleadings under Rule 12(c), and I thus decided this motion under that standard. However, the motion also cites to Rule 56(c), which governs motions for summary judgment. ECF No. 71 at 1. That rule provides that summary judgment must be granted when there exists no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the court must not make credibility determinations or weigh conflicting evidence. *Id.* at 255. Rather, the court must view the evidence in the light most favorable to the non-moving party, drawing all "justifiable inferences" in its favor. *Id.* (internal citation omitted). The movant bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits

1          In ruling on a Rule 12(c) motion, I "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non–moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Id.* Even accepting as true the allegations in Barren's complaint, I find that he is not entitled to judgment on the pleadings, as there are material issues of fact in dispute. Neither the SAC nor Barren's motion demonstrate that the contract (of which the court does not have a copy) entitles him not to serve time (or any additional time) for a sanction imposed by the NDOC. Instead, the motion states in a conclusory fashion that there is a contract, and that because of that contract and Barren's participation in a work-release program, he has demonstrated that the Parole Board Defendants have "retaliated" against him for challenging his right to the application of certain statutory and work time credit. *See generally* ECF No. 71 at 1–3. The SAC likewise states in a conclusory fashion that (unspecified) defendants "deliberately manipulate the process for adequately applying work-time credit and stat-time[4] credits towards the plaintiff's sanction imposed by the parole board for violating his parole . . ." and further that "the parole board . . . [is] sanctioning him for an additional one year in retaliation for challenging his right to receive stat-time and work-time credit off of his sanction . . . ." ECF No. 55 at 20.

          The SAC does cite to Nevada Revised Statutes (NRS) § 209.4465 to allege that misapplication of that statute is a violation of Barren's constitutional rights. *Id.* at 23. But Barren fails to demonstrate how that statute applies to his case, or in the alternative, how the

---

which demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323; *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Deciding this motion under the summary-judgment standard would not change the outcome. Barren's motion fails to demonstrate that there are no genuine issues of material fact. Thus, even if I were to consider Barren's motion as one for summary judgment, I would deny it under that standard as well.

[4] It is unclear from Barren's briefing what "stat-time" is or how it is applied. Moreover, NDOC advised plaintiff that "work credits" and "stat credits" are two different calculations. *See* ECF No. 55 at 50. That same report states "[b]y your own admission you have not been programming nor working full time since arriving back to the Nevada Department of Corrections (NDOC) thus NDOC will not give you "work time" for the entire length of your sentence as outlined in AR 563." *Id.* Again, Barren fails to explain how either the parole board or NDOC misapplied any credits.

defendants misapplied (or failed to apply) the requirements set forth in NRS § 209.4465. In fact, Barren provides no information regarding if and how any credit has or has not been applied to his sentence. Such analysis would be critical here, given the specific restrictions to the application of credit in NRS § 209.4465, and, per Barren's attachment to his SAC, the fact that the Parole Board Defendants informed plaintiff that *all* of his credit was restored, and that he is receiving "STAT time credit." ECF No. 55 at 53; *see also id.* at 56 (discussing results and credits following 7/10/2018 parole revocation hearing); *id.* at 57 (Parole Board Certificate of Action stating that "[t]he Board has restored ALL credits."). Based on the foregoing outstanding material facts in dispute, Barren's motion for judgment on the pleadings (ECF No. 71) is denied.

      b.   *The Parole Board Defendants' motion to dismiss (ECF No. 69) is granted.*

The Parole Board Defendants move for dismissal under Rule 12(b)(6), arguing that Barren failed to cure the defects outlined in the court's October 2021 order dismissing the First-Amended Complaint,[5] and further that the new material contained in the SAC is insufficient to state a claim against them. *See generally* ECF No. 69. Barren's response reiterates allegations of retaliation and again cites to the alleged contract that he entered into with the Nevada Division of Forestry[6] to support his argument that he is entitled to monetary relief. ECF No. 78 at 1–2. He also provides an unsigned copy of the Nevada Board of Parole Commissioners' *Admonition and Advisement of Rights (id.* at 4), arguing that he received no notice of a modification of his one-year sanction. *Id.* at 2. The Parole Board Defendants filed a reply, contending that Barren's response is non-responsive to the underlying motion and again reiterating that the SAC lacks a cognizable claim against them. *See generally* ECF No. 81.

It is of great import for prisoners to be able to exercise their First Amendment right to file prison grievances (*Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003)) and to pursue civil-rights litigation in the courts. *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995). As relevant to this case, in order to exercise these important rights, a prisoner-plaintiff like Barren must first bring

---

[5] ECF No. 50 (order granting in part the Parole Board Defendants' motion to dismiss).
[6] Again, no contract has been provided to the court.

a viable First Amendment retaliation claim. Within the prison context, a viable claim of First Amendment retaliation includes five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005) (citing *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir. 1994).

The SAC fails to plead sufficient facts to meet the aforementioned elements. As the Parole Board Defendants point out, the SAC contains the same deficiencies as Barren's first-amended complaint, in that it fails to establish the causal connection between an alleged adverse action and the asserted protected conduct. Liberally construed, Barren claims that the parole board's imposition of sanctions against him was retaliatory (the alleged adverse action) and that the sanction was imposed because he was challenging the application of credits that he claims he is owed due to his participation in a work-release program (the potentially protected conduct). The SAC fails to identify how the imposition of sanctions was retaliatory, how Barren is supposed to be given credits under the law, or what credits he claims he did not receive. Barren also fails to identify how the parole board would have known or did know that he was intending to challenge the application of work credits to his account at the time the alleged sanctions were levied against him. Thus, the SAC lacks a showing of personal participation by any of the Parole Board Defendants in the alleged deprivation of Barren's First Amendment rights. *See May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980) (holding that § 1983 liability must be based on the personal involvement of the defendant).[7]

As noted in the order dismissing the first-amended complaint, Barren also "bears the burden of pleading . . . the absence of legitimate correctional goals for the conduct of which he

---

[7] When Barren was given leave to file the SAC in 2021, he was specifically advised that he should identify each defendant and support each claim with factual allegations about each defendant's actions. ECF No. 50 at 5. Barren failed to comply with those instructions.

complains." ECF No. 50 at 4 (citing *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995)). Again, Barren fails to provide any details about his second parole board appearance during which he claims sanctions were levied against him. Consequently, the court lacks any information regarding whether the allegations in the SAC even constitute sanctions, much less retaliatory action, by the Parole Board Defendants. Barren has not established the required elements to sufficiently plead a claim for First Amendment retaliation. Accordingly, the Parole Board Defendants' motion to dismiss is granted.

        c. *The NDOC Defendants*

The NDOC Defendants argue that the SAC should be dismissed because it does not meet the Rule 8 pleading requirements and because the SAC fails to set forth a cognizable claim against the defendant—which they argue is only defendant Dzurenda. *See generally* ECF No. 75 (referencing ECF No. 55 ("The vicarious power of JAMES DZURENDA, Director of the Department of Corrections notified the parole board of a significant change in the statute of the plaintiff and may have prevented the parole board commissioners from reconsidering the one-year sanction that the board imposed on the plaintiff for violating his parole.")). Further, and without conceding that there is a viable claim against Dzurenda, the NDOC Defendants assert that even if the claim were viable, he is shielded by qualified immunity.

Barren does not respond to NDOC's argument that he fails to allege personal participation by Dzurenda, nor does he address the application of qualified immunity. Instead, Barren claims that "each of the defendants named in this action deliberately subjected [him] to suffer unnecessary pain for more than six months" and that he now suffers permanent damage as a result. ECF No. 79 at 3. Barren also maintains "each of the pleadings with Count IV, of his First[-]Amended Complaint pursuant to 42 U.S.C. sec. 1983, hereinto naming Frank Dressen[8]; Sonya Carrillo; Oliver Mora-Rocha; and Hernandez." ECF No. 79 at 2. He claims that as NDOC director, Dzurenda "has the final and overall responsibility" over employees and their duties. *Id.*

---

[8] In other pleadings, this defendant is identified as Dreesen. I construe this as the same person.

8

As a threshold matter, I note that defendant Hernandez was dismissed from this action on December 15, 2021. ECF No. 54. Accordingly, Barren cannot maintain a claim against Hernandez. Barren also references Dr. Landsman in his response. ECF No. 79 at 3. It is unclear whether Barren believes that Dr. Landsman is still a party in this action. To be clear, Dr. Landsman was dismissed from this action on May 1, 2020; thus, no claim remains against him. ECF No. 11 at 16–17. A review of the SAC reveals that the only named defendants are: Dzurenda, De La Torre, Christiansen, Jackson, Keeler, Davis, and Foley.[9] ECF No. 55. "[T]he general rule is that an amended complaint supersedes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012); *see also Valadez–Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) ("[I]t is well-established that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (quotation marks omitted); *see Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Consequently, Barren is incorrect in asserting that all of the claims against all of the defendants from his first-amended complaint are maintained. The SAC entirely superseded—meaning replaced—the FAC and is therefore the operative (controlling) complaint. As such, the only remaining NDOC defendant identified by plaintiff is Dzurenda. Merely attaching the first-amended complaint to the SAC is insufficient to bring claims against the others.

As noted above, NDOC seeks dismissal of the claim against Dzurenda, asserting first that Barren fails to state a claim against Dzurenda, and second that qualified immunity shields him from this action. I grant NDOC's 12(b)(6) motion for failure to state a claim against Dzurenda.[10] In order to sufficiently plead a cause of action under § 1983, a plaintiff must establish that the

---

[9] Defendants De La Torre and Keeler were also dismissed from this action on December 15, 2021. ECF No. 54.

[10] Because I am granting NDOC's motion to dismiss Dzurenda for failure to state a claim, I need not and do not address their qualified-immunity argument.

9

defendant was acting under color of state law and deprived plaintiff of constitutional or federal rights. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Hill v. Washington State Dep't of Corr.*, 628 F. Supp. 2d 1250, 1266 (W.D. Wash. 2009) (citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)). Barren has failed to meet that burden. The SAC alleges only that Dzurenda *may have* prevented the parole board commissioners from reconsidering the one-year sanction imposed for Barren's parole violation. ECF No. 55 at 1. That is merely a conclusory and speculative allegation. More importantly, the SAC does not allege that informing the parole board of information is a violation of Barren's constitutional or federal rights. This is fatal to Barren's claim against Dzurenda. Consequently, I grant NDOC's motion and dismiss the claim against Dzurenda.

    d. *Leave to amend is granted for the claims against the Parole Board Defendants (Christiansen, Davis, Foley, and Jackson) and against Dzurenda.*

  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (quoting *Cook, Perkiss & Liehe, v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990); *Balistreri*, 901 F.2d at 696. While it does not appear that Barren will be able to cure the deficiencies in his claims, the lack of information in the SAC makes that determination impossible at this juncture. Thus, I give Barren leave to amend and allow him to file, if he desires, a third-amended complaint **within 30 days of this order's filing**.

  If Barren chooses to file another complaint, the Third-Amended Complaint must comply with the Federal Rules of Civil Procedure, including Rule 8, and must state a cognizable claim for relief against each defendant. The only defendants that Barren may include in this third-amended complaint are: Christiansen, Davis, Foley, Jackson, and Dzurenda. The Third-Amended

Complaint must be complete in itself and must not refer in any manner to any prior complaint. Further, the **Third-Amended Complaint must not contain any claims or defendants previously dismissed without leave to amend and must not contain copied allegations which the court has previously adjudicated to be insufficient. Plaintiff may not add any defendants without leave of court**. *See* Fed. R. Civ. P. 21; *see also* LR 15-1 (A "moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. The proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading," and "[i]f the court grants leave to file an amended pleading, and unless the court orders otherwise, the moving party must then file and serve the amended pleading."). Failure to timely file a Third-Amended Complaint which complies with this order and which states a cognizable claim for relief against each defendant may result in the dismissal of this action. Fed. R. Civ. Pro. 41(b); s*ee also Pagtalunan v. Galaza*, 291 F.3d 639, 642–43 (9th Cir. 2002), *cert. denied*, 538 U.S. 909 (2003) (a court may dismiss an action for failing to follow a court order).

    e.   *Plaintiff's motion to consolidate (ECF No. 126) is denied.*

On February 23, 2023, Barren filed a motion titled "motion for consolidation with notice of related case." ECF No. 126. The motion is difficult to read, but it appears that Barren seeks to add defendants (named as Tom Lawson, J. Keenan, P. Jordan, and John Doe) to this pending action by way of consolidation or joinder. *Id.* at 1. Neither is appropriate. Federal Rule of Civil Procedure 42(a) allows a court to consolidate cases "[i]f the actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). The rule requires two actions in order for the court to determine if they can be properly consolidated under Rule 42. Barren's motion does not identify another pending federal action that could potentially be consolidated with this case. Consequently, to the extent that Barren intended to file a motion to consolidate, such a motion is denied.

His motion also cites to Federal Rules of Civil Procedure 18 and 19, which address joinder of claims and joinder of parties, respectively. Rule 18(a) provides that a "party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). To the extent that Barren is attempting to add newly named defendants, those persons are not yet opposing parties in this action. Therefore, Barren's request for joinder under this rule is improper and is thus denied. Rule 19 provides the requirements for the joinder of parties. Fed. R. Civ. P. 19. In evaluating motions for joinder, the court is to determine if a named party is deemed "necessary." *Id.* Barren's motion does not explain how any of the newly named defendants are necessary to this action. Consequently, his motion is denied.

Barren's attempt to add defendants through a "consolidation motion" is untimely, and I conclude that his motion is an attempt to circumvent the discovery plan and scheduling order issued on March 1, 2022. ECF No. 72. That order provides that "[a]ny and all pleadings that may be brought under Fed. R. Civ. P. 13 & 14, or joining additional parties under Fed. R. Civ. P. 19 & 20, shall be filed and served not later than **May 31, 2022**." *Id.* at 1 (emphasis added). That same order also states that "[a]mendments to pleadings as provided for under Fed. R. Civ. P. 15, if the same are allowed without leave of court, or motions for leave to amend, shall comply with LR 15-1 and shall be filed and served not later than **May 31, 2022**." *Id.* This motion was filed long past the May 31, 2022, deadline. Barren's motion for consolidation (ECF No. 126) is thus denied.

### III. Conclusion

IT IS THEREFORE ORDERED that Barren's motion for judgment on the pleadings **[ECF No. 71]** and his motion for consolidation **[ECF No. 126] are DENIED.**

IT IS FURTHER ORDERED that the Parole Board Defendants' motion to dismiss **[ECF No. 69]** and the NDOC Defendants' motion to dismiss **[ECF No. 75] are GRANTED.**

IT IS FURTHER ORDERED that the Parole Board Defendants' motion to deem facts admitted **[ECF No. 114]** is **DENIED** as moot. If Barren files a third-amended complaint that

properly states a claim, the court will permit the parties to request to re-address the motion at that time.[11]

IT IS FURTHER ORDERED that Barren's motion for full discovery **[ECF No. 121]** and the defendants' first joint motion to stay dispositive motion deadlines **[ECF No. 122]** are **DENIED** as moot.

Barren has until 30 days after this order's filing to file a Third-Amended Complaint in compliance with this order's instructions. Failure to do so could result in the dismissal and closing of this case.

DATED: February 27, 2023

_____
Cristina D. Silva
United States District Judge

---

[11] The parties will not need to refile the motion. Instead, the Parole Board Defendants will merely need to file a notice requesting that the court address the motion and, if appropriate, to set a briefing schedule.