UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Donald Robin Barren,

          Plaintiff

v.

James Dzurenda, et al.,

          Defendants

Case No. 2:19-cv-00142-CDS-VCF

**Omnibus Order Resolving Pending Motions and Closing Case**

[ECF Nos. 139, 141, 148, 152, 157, 158]

      Pro se plaintiff Donald Barren brings this § 1983 action against defendants Susan Jackson, Eric Christiansen, Denise Davis, and Darla Foley (collectively, the "Parole Board Defendants") for First Amendment retaliation. Barren also brings allegations against the director of the Nevada Department of Corrections (NDOC) James Dzurenda and a host of other individuals (collectively, the "NDOC Defendants"). I previously dismissed the second amended complaint,[1] but granted Barren leave to file a third amended complaint, which he did on April 7, 2023.[2]

      There are several motions pending before the court: (1) two motions to dismiss filed by the Parole Board Defendants and the NDOC Defendants (ECF Nos. 139, 141[3]); (2) Barren's motion to consolidate cases (ECF No. 148); (3) Barren's motion for summary judgment (ECF No. 152); (4) NDOC Defendants' motion for judgment on the pleadings (ECF No. 157); and (5) NDOC Defendants' motion for a stay (ECF No. 158).

---

[1] *See* Order, ECF No. 131.

[2] *See* Third Amended Complaint, ECF No. 138.

[3] Under my February 27, 2023 order, defendant Dzurenda is the only remaining NDOC defendant permitted in this action. ECF No. 131 at 10. The Third Amended Complaint named defendants Sonya Carrillo, Dreesen, Fuscareno, Jerry Howell, M. Hubbard-Pickett, Oliver Mora-Rocha, Nash, and Brian Williams, however. While Dzurenda remains the only operative NDOC defendant, I use "NDOC Defendants" throughout this order to recognize that the motion to dismiss was filed on behalf of all of them. ECF No. 141.

For the reasons set forth herein, I grant the Parole Board Defendants and NDOC Defendants' motions to dismiss (ECF Nos. 139, 141) with prejudice and without leave to amend, therefore rending Barren's motion to consolidate cases (ECF No. 148) and motion for summary judgment (ECF No. 152), and NDOC Defendants' motion for judgment on the pleadings (ECF No. 157) and motion to stay the case (ECF No. 158) moot. Finally, I kindly request that the Clerk of Court close this case.

I.    Relevant procedural history

Barren filed this action in January of 2019 (Compl., ECF No. 1), and in November of 2019, he amended his complaint (Am. Compl., ECF No. 9), which Magistrate Judge Cam Ferenbach screened. *See* Screening Order, ECF No. 11. In March of 2021, the Parole Board Defendants moved to dismiss Barren's first amended complaint. ECF No. 42. In October of 2021, United States District Judge Andrew P. Gordon granted in part the Parole Board Defendants' motion to dismiss for failure to plead sufficient facts to state Barren's claim, but with leave to amend. *See generally* Order, ECF No. 50. After receiving an extension of time within which he could file a second amended complaint (SAC), Barren did so on December 20, 2021. SAC, ECF No. 55.

The defendants filed motions to dismiss the SAC. ECF No. 69; ECF No. 75. On February 27, 2023, I granted both dismissal motions without prejudice. Order, ECF No. 131. In that order, I advised Barren that if he chose to file a third amended complaint (TAC) it "must not contain any claims or defendants previously dismissed without leave to amend and must not contain copied allegations which the court has previously adjudicated to be insufficient. Plaintiff may not add any defendants without leave of court." *Id.* at 11. Barren was also given 30 days to file a third amended complaint. *Id.* at 13.

On April 7, 2023, after seeking an extension, Barren filed his TAC. ECF No. 137; ECF No. 138. The defendants have moved to dismiss the TAC for failing to state a claim and for failing to comply with my prior order regarding filing the TAC. *See generally* ECF No. 139; ECF No. 141. Barren filed a timely opposition to defendants Christiansen, Davis, Foley, and Jackson's motion

(ECF No. 143), but filed an untimely opposition to defendants Carrillo, Dreesen, Dzurenda, Fuscareno, Howell, Hubbard-Picket, Roch, Nash, and Willams' motion (ECF No. 146).

On September 29, 2023, Barren filed a motion to consolidate this case, with another § 1983 action he recently filed (Case No. 2:23-cv-00792-GMN-VCF). ECF No. 148. Both the Parole Board Defendants and NDOC Defendants have filed oppositions to the motion. ECF No. 149; ECF No. 150.

On October 19, 2023, Barren filed a motion for summary judgment. Mot. for Summ. J. ECF No. 152. The NDOC Defendants filed a motion to stay the case (ECF No. 158), a motion for a judgment on the pleadings (ECF No. 157) and a motion to stay the case (ECF No. 158). Barren responded to each of these motions, and also asked that this court grant his motion for summary judgment. *See generally* ECF No. 159.

## II.     Legal standard

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 545. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Pro se

pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

III.   **Discussion**

I begin resolving these motions by addressing Barren's failure to comply with my order detailing the parameters of him filing his TAC. Next, I grant defendants' motions to dismiss, rending the remaining motions moot.

    A.   **The Third Amended Complaint fails to comply with my order permitting amendment.**

In my order granting Barren leave to file a TAC, I advised him that "the Third-Amended Complaint must comply with the Federal Rules of Civil Procedure, including Rule 8, and must state a cognizable claim for relief against each defendant" and further that **"[t]he only defendants that Barren may include in this third-amended complaint are: Christiansen, Davis, Foley, Jackson, and Dzurenda**." ECF No. 131 at 10 (emphasis added). Barren failed to comply with those instructions and instead added additional defendants, identified as Senior Correctional Officer Fuscareno, Warden Brian Williams, Associate Warden Janet Nash, Associate Warden M. Hubbard-Pickett, Oliver Mora-Rocha, Sonya Carrillo, Associate Warden Dreesen, and Dr. Landsman as defendants. ECF No. 138. The local rules require that a party seeking to amend their pleading seek leave of court. *See* LR 15-1(a). Not only did Barren disregard my order permitting him to amend his complaint, he failed to seek leave of court before adding additional defendants. I further ordered that the TAC "must be complete in itself[,]" and specifically forbid references to prior complaints. ECF No. 131 at 10–11. Barren seemingly cites, in part, to previously dismissed claims and attaches a copy of the second amended complaint. ECF No. 138 at 16–51.

While pro se litigants are held to less stringent standards than represented parties, *Jackson v. Carey*, 353 F3d 750, 757 (9th Cir. 2003), they must still comply with the procedural or substantive rules of the court. *See King v. Atiyeh*, 814 F2d 565, 567 (9th Cir. 1987), *overruled on other*

*grounds by Lacey v. Maricopa Cnty.*, 693 F3d 896 (9th Cir. 2012). Failing to comply with a court order may result in dismissal of a lawsuit. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992) (affirming a district court's dismissal of action for failing to comply with an order of the court pursuant to Federal Rule of Civil Procedure 41(b)); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order). Further, Local Rule IA 11-8(e) permits the court to issue appropriate sanctions for failing to comply with an order of the court; dismissal can be a sanction. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule).

While I do not find dismissal of the action warranted from Barren's failure to comply with my order, I dismiss the complaint nonetheless for his substantive failure to correct his pleading deficiencies and to state a claim upon which relief can be granted as explained *infra*.

  **B.**  **The Parole Board Defendants and NDOC Defendants' motions to dismiss (ECF Nos. 139, 141) are granted.**

Both the Parole Board Defendants and NDOC Defendants seek dismissal of the TAC, arguing that it fails to cure the pleading deficiencies I identified in my February 23, 2023, order dismissing the SAC. I agree. The TAC reiterates almost the same allegations against the Parole Board Defendants, asserting that the parole board's imposition of sanctions against him was retaliatory and that the sanction was imposed because he was challenging the application of credits to which he claims he is entitled due to his participation in a work-release program. Like the SAC, however, these allegations fail to identify how the imposition of sanctions was retaliatory. For example, the TAC fails to explain Barren's understanding as to what credits he should have been owed under the law or what credits he claims he did not receive. *See generally* TAC, ECF No. 138 at 3–6. Instead, Barren alleges in conclusory fashion that he was not given appropriate credit in violation of NRS 209.4465 without citing any points and authorities in support of that assertion, nor an explanation as to how what occurred in his case constituted a violation of that statute. This is of particular importance because Barren's own documentation

shows that his parole was revoked in July of 2018, but that all credits he claims that he has not received were restored following the one-year sanction imposed for his parole violation. *Id.* at 47.

Although pro se pleadings are liberally construed, conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). To establish a viable First Amendment retaliation claim requires a plaintiff to state: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005) (citing *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir. 1994). Here, there is no identified adverse action against Barren. He admitted to his parole violation and was sentenced. Moreover, his own exhibit to the TAC shows that all credits he earned prior to his parole revocation were restored and further that he is receiving the 20 hours credit to which he claims he is entitled. TAC, ECF No 138 at 47. Therefore, even applying a liberal interpretation of Barren's allegations, I find that he fails to establish a prima facie case of a civil rights or constitutional violation.

Barren also fails to identify how the parole board would have known or did know that he was going to challenge the application of work credits to his account following his parole. This is critical to Barren's claim because without acting knowingly, it is impossible that his parole revocation (which was the result of a guilty plea) could be considered a "sanction" levied against him. Accepting Barren's allegations as true, the parole board would have had to have knowledge at the time he was sentenced for his parole violation that Barren was going to challenge the terms of his revocation. Stated otherwise, the parole board would have had to predict (correctly) that Barren was going to file grievances related to him not earning work credits to which he claims he is entitled. Further, the TAC fails to demonstrate personal participation by any of the Parole Board Defendants in the alleged deprivation of Barren's First Amendment rights. *See May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980) (holding that § 1983 liability must be based on the

personal involvement of the defendant). Instead, he makes conclusory allegations of conspiracy between the Parole Board Defendants and NDOC Director James Dzurenda. ECF No. 138 at 2–3. The Ninth Circuit has held that a "[c]onspiracy is not itself a constitutional tort under § 1983," and it "does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." *Lacey*, 693 F.3d 935. For the reasons explained above, I have already found that Barren fails to allege a viable constitutional violation for his claim against the Parole Board Defendants. Moreover, Barren provides no information to support his conspiracy allegation. A pro se complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights will not withstand a motion to dismiss. *Gatti v. Brazelton*, 2012 WL 5387239, at *7 (E.D. Cal. Nov. 1, 2012) (citing *Zemsky v. City of New York*, 821 F.2d 148, 151–52 (2nd Cir. 1987)); *see also Woodrum v. Woodward Cnty., Okl.*, 866 F.2d 1121, 1126 (9th Cir. 1989). Consequently, Barron fails to allege viable conspiracy claims in the TAC.

For those reasons, Barren's First Amendment claim, and his allegations of a conspiracy to violate his First Amendment rights, fail. The Parole Board Defendants' motion to dismiss is granted.

Turning to the only remaining NDOC Defendant, James Dzurenda, I grant the motion to dismiss. ECF No. 141. Like the SAC, Barren fails to state a cognizable claim against Dzurenda. In my prior order, Barren was advised that in order to sufficiently plead a cause of action under § 1983, a plaintiff must plead that the defendant was acting under color of state law and deprived plaintiff of constitutional or federal rights. ECF No. 131 at 9–10 (citing *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986), *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1149 (9th Cir. 2011)). My order also advised that "'[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" *Id.* at 9. (quoting *Hill v. Washington State Dep't of Corr.*, 628 F. Supp. 2d 1250, 1266 (W.D. Wash. 2009) (citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

1989)). Barren does not meet this burden of establishing a constitutional or federal violation. Instead, he generally alleges that Dzurenda is culpable based on his role as acting director of NDOC[4] (*see* TAC, ECF No. 138 at 2), or else, alleges vicarious liability. *See id.* at 7 ("For the record the Director responds to Inmate Grievances at the second level of the grievance process, i.e. James Dzurenda, vicariously through his designee.")

Alternatively, Barren also alleges that Dzurenda conspired with the Parole Board Defendants (*id.* at 1–2) or previously dismissed NDOC Defendants to "knowingly and deliberately establish a custom….[to] subject[] [Barren] to inhuman and degrading treatment while under their control…and in spite of [Barren's pending] grievances." *Id.* at 8 (cleaned up). As noted above, conclusory allegations of conspiracy are not enough to support a § 1983 claim. And importantly, the Ninth Circuit has held that a "[c]onspiracy is not itself a constitutional tort under § 1983," and it "does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." *Lacey*, 693 F.3d at 935. I have already found that Barren fails to allege a viable constitutional violation for his claims. Consequently, the TAC fails to set establish a viable conspiracy claim set forth against Dzurenda.

As explained in my prior order dismissing the SAC, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (quoting *Cook, Perkiss & Liehe, v. N. California Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). Barren has been given three chances to cure the deficiencies in his pleadings but has failed to do so. Accordingly, the Parole Board Defendants and NDOC Defendants' motions to dismiss are granted with prejudice.

---

[4] Dzurenda is now the director of NDOC. *See* https://doc.nv.gov/About/Director/Home/ (last accessed November 26, 2023).

  C. Barren's motion to consolidate cases (ECF No. 148) and motion for summary judgment (ECF No. 152) and NDOC Defendants' motion for judgment on the pleadings (ECF No. 157) and motion to stay the case (ECF No. 158) are denied as moot.

Because I grant the Parole Board Defendants and the NDOC Defendants' motions to dismiss with prejudice, Barren's motion for summary judgment (ECF No. 152) and motion to consolidate (ECF No. 148) and NDOC Defendants' motion for judgment on the pleadings (ECF No. 157) and motion to stay (ECF No. 158) are denied as moot.

IV. Conclusion

IT IS THEREFORE ORDERED that the Parole Board Defendants' motion to dismiss [ECF No. 139] and NDOC Defendants' motion to dismiss [ECF No. 141] are GRANTED with prejudice.

IT IS FURTHER ORDERED that Barren's motion for summary judgment [ECF No. 152] and motion to consolidate [ECF No. 148], and NDOC Defendants' motion to stay the case [ECF No. 158] and motion for judgment on the pleadings [ECF No. 157] are DENIED as moot.

The Clerk of Court is kindly instructed to enter judgment accordingly and to close this case.

DATED: November 27, 2023

_____
Cristina D. Silva
United States District Judge